IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL HALE, and ERIN HALE, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No. 23-CV-3450-SMY |
| | ) | |
| APPELLATE COURT OF ILLINOIS, | ) | |
| FIFTH DISTRICT, et al, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Pending before the Court are Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Motion for Service at Government Expense (Doc. 3).  Plaintiffs are suing the Appellate Court of Illinois, Fifth District, as well as three of its justices, under 42 U.S.C. § 1983 for allegedly violating their rights by affirming the dismissal of an appeal for lack of jurisdiction. (Doc. 1).  They request that this Court either overturn or modify the Illinois appellate decision that their Notice of Appeal of an eviction lawsuit was untimely because it had been filed more than 30 days after entry of a final order. *Id*.

Pursuant to 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).   Here, the Court is satisfied from Plaintiffs' affidavit that despite possessing some assets, they are significantly indebted and are therefore indigent and unable to pay the $400.00 filing fee at this time (Doc. 2).  But the Court's inquiry does not end there.  Additionally, 28 U.S.C. § 1915(e)(2)

requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.  The

Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state

a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B);

*see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Judges are absolutely immune in the exercise of their judicial functions. *Mireless v. Waco,* 502 U.S. 9, 9-10 (1991).  This immunity means immunity from suit and not only immunity

from damages claims.  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  As such, because Plaintiffs

herein are suing three justices and the Illinois Fifth District Appellate Court for exercising their

judicial functions, their Complaint is barred by judicial immunity.  Moreover, this Court lacks

jurisdiction to review a state court judgment and appellate decision.   See, *Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir. 1995) (lower federal courts do not have jurisdiction to

review state court orders and such lawsuits should be dismissed for lack of jurisdiction).

Accordingly, Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and

Motion for Service of Process at Government Expense (Doc. 3) are **DENIED**.  The Complaint

(Doc. 1) is **DISMISSED with prejudice** for failing to state a claim upon which relief may be

granted.  The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

        **IT IS SO ORDERED.**

        **DATED:  October 31, 2023**

                                        **STACI M. YANDLE**
                                        **United States District Judge**